STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
SOMERSET, ss.                           DOCKET NO. CV-06-044

REC'D & FILED
Wendy M. Robinson

MAY 07 2008

Clerk of Courts
Somerset County

CECILE CYR,

            Plaintiff

      v.                                DECISION AND ORDER

GLORIA WALKER and
JOANNE COOK,

            Defendants


      Before this court is the plaintiff's three-count complaint. Count I alleges tortious interference with expected inheritance, count II alleges violation of improvident transfers of title, and count III alleges punitive damages. A nonjury trial was held on March 7, 2008, and March 17, 2008. Anthony Shusta, Esq. for the plaintiff and Richard Golden, Esq. for the defendants.

      Before the court are three issues surrounding the transfer of a van from Walter Cyr to his daughter Gloria Walker, transfer of money to a bank account in the name of Walter Cyr and Gloria Walker, and the transfer of his interest in real estate to Joanne Cook.

      After listening to the testimony and reviewing the documents, the court hereby makes the following findings:

      1.    The plaintiff, Cecile Cyr, did have an expectation of inheritance since she had been married to Walter Cyr for 35 years.

      2.    Walker Cyr did intend to convey the van and the money to Gloria Walker, the effect of which would deprive his wife Cecile of these assets. Walter's motivation

was not to deny Cecile as much as to deny Cecile's son from receiving any of his property.

3. There was real animosity between Walter Cry and Cecile's son, David Easler.

4. Walter did receive legal advice from two attorneys. Initially he consulted with Denis Culley, Esq. of the Legal Services to the Elderly. Mr. Culley recommended to Walter that he not impoverish himself. He recommended that he not convey the van to Gloria and not to make any significant transfers to his children. Culley indicated that Walter understood the issues but it was clear that Walter did not want to follow Culley's advice. He therefore terminated his services with Mr. Culley before consulting with Valerie Stanfill, Esq.

5. Following the dismissal of Culley, Walter did have opportunities to consult with Valerie Stanfill, Esq. Stanfill indicated that Walter was well aware of the consequences of his transfer, his van and his bank account. He was aware that Mrs. Cyr would not have access to it as a result of these transfers. Ms. Stanfill indicated that his motivation for such transfer was:

> It wasn't so much that he didn't trust Cecile, it was much more that he didn't trust that she would be able to stand up to her son.

Dep., p. 17, lines 20.

6. Ms. Stanfill indicated that she thought Walter was competent to make these decisions.

7. Walter discussed his desire to transfer his interest in his real estate to one of his daughters. Ms Stanfill indicated that Walter instructed him to prepare the deed to transfer the real estate to one of his daughters.

8. Ms. Stanfill was satisfied that he was not being influenced by his daughters.

9. Walter Cyr died on November 22, 2005, at 3:35 p.m. At the time of his death, he was in a comatose state and not able to communicate with anyone.

10. The warranty deed in question was signed on November 22, 2005 at 1:47 p.m. by Gloria Walker as attorney for Walter pursuant to a Limited Power of Attorney dated 4/24/00.

Based on the above findings, the court hereby concludes that Walter Cyr intended to transfer the van and a bank account to his daughter. His motivation for the transfer was his desire to keep the assets out of the reach of Cecile's son David. The court concludes that there was no undue influence or duress associated with these transfers.

The court concludes that Walter Cyr desired to have his interest in his real estate transferred to one of his daughters. Ms. Stanfill's testimony clearly indicates that this was his intention. Even though he never got around to transferring the property prior to his death, Gloria Walker did convey said property pursuant to a power of attorney at a time just prior to his death. This transfer was done on November 22, 2005, at 1:45 p.m. At the time that the transfer was made by the signing of the deed by Gloria Walker, the defendant was comatose and unresponsive; however, the power of attorney indicated that it would remain in full force and effect through any disabilities or incapacities and not to be terminated until his death.

The court finds that there was no undue influence, duress or fraud associated with the transfer of his interest in the real estate to one of his daughters.

Since the court does not find the necessary elements to sustain the plaintiff's allegations in count I regarding tortious interference with expected inheritance, the

court finds in favor of the defendant and orders that judgment be entered in favor of defendant on count I.

Likewise on count II, the court finds that the plaintiff has failed to prove a violation of the Improvident Transfer Act and, therefore, directs that judgment be entered on behalf of the defendant relative to count II.

Finally, since count I and count II have been decided in favor of the defendants, plaintiff's count III is not applicable since it is a claim for punitive damages. For this reason, the court directs that entry of judgment be made on behalf of defendants relative to count III.

Dated: May_____, 2008

_____
Joseph M. Jabar
Justice, Superior Court